**PROVIDENT LAW**

Mary T. Hone, SBN 010891
14646 N. Kierland Boulevard, Suite 230
Scottsdale, AZ 85254
Telephone: (480) 388-3343
Facsimile: (602) 753-1270
For E-Service and Court Use Only: fileclerk@providentlawyers.com
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anna K. Flaaten, an unmarried woman,<br><br>Plaintiff,<br><br>vs.<br><br>Evolue Skincare, INC., a Delaware corporation,<br><br>Defendant. | Case No. _____<br><br>**VERIFIED COMPLAINT**<br>(Breach of Contract and Breach of Covenant of Good Faith and Fair Dealing) |

Plaintiff Anna K. Flaaten, for her Verified Complaint against Defendant, Evolue Skincare, Inc., alleges as follows:

### PARTIES

1.      Plaintiff Anna K. Flaaten ("Flaaten") is an unmarried woman residing in Maricopa County, Arizona.

2.     Defendant Evolue Skincare, Inc. ("Evolue Skincare") is a Delaware corporation that, upon information and belief, is authorized to and is conducting business in Los Angeles County, California.

3.     Jean Seo ("Seo") is the President and Director of Evolue Skincare.

4.     Evolue Skincare is a natural organic skincare line with its base of operations in Beverly Hills, California.

5.     Evolue Skincare operates a manufacturing lab in Phoenix, Arizona.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this action pursuant to the diversity jurisdiction conferred upon the District Courts pursuant to 28 U.S.C. § 1332.

7.     The amount in controversy exceeds Seventy-Five Thousand and No/100's Dollars ($75,000.00), exclusive of interest and costs.

8.     The Court has personal jurisdiction over Evolue Skincare in this action as it is doing business in the State of Arizona.

9.     Venue in this District Court is proper pursuant to 28 U.S.C. § 1391(b)(2), as the events subject to this dispute occurred in Maricopa County in the State of Arizona.

## GENERAL ALLEGATIONS

10.     Flaaten incorporates Paragraphs 1 through 9 of her Verified Complaint as though fully set forth herein.

11.     On or about August 4, 2021, Evolue Skincare (as borrower) and Flaaten (as lender) (collectively the "Parties") entered into that certain Promissory Note ("the Note") in the principal amount of One Hundred Thousand and No/100's Dollars ($100,000.00) ("the Principal Amount"). *See* copy of the Note attached hereto at **Exhibit 1**.

12.     The Note also included a lending fee of Ten Thousand and No/100's Dollars ($10,000.00) (the "Lending Fee").

13.     The Principal Amount and Lending Fee were both due in full by no later than June 30, 2022 (the "Payment Deadline"). *See* **Exhibit 1**.

14.     The Note related to a start-up loan by Flaaten to Seo for the launch of Evolue Skincare.

**The Note Becomes Due and Promised Payment is Not Made by Evolue Skincare**

15.     Flaaten incorporates Paragraphs 1 through 15 of her Verified Complaint as though fully set forth herein.

16.     Following the Parties' execution of the Note, Evolue Skincare did not make any payments to Flaaten relating to repayment of the Note.

17.     Further, Evolue Skincare failed to pay off the Note in full and as agreed, by the Payment Deadline.

18.     After still receiving no payments on the Note in the Fall of 2022, Flaaten reached out to Seo by email on October 29, 2022, to inquire about repayment of the loan and complete satisfaction of the Note. *See* Email from Anna Flaaten to Jean Seo dated October 29, 2022, attached hereto at **Exhibit 2**.

19.     Seo replied that she was in Asia and would prioritize paying off the loan and following up with Walmart, Inc. ("Walmart") for anticipated payment she was expecting. *See* **Exhibit 2**.

20.     After no response from Seo, Flaaten again followed up by email on December 8, 2022, providing a total payoff for the Note of One Hundred Fifty-Two Thousand Four Hundred Eighty and 81/100's Dollars ($152,480.81), with a breakdown using a six percent (6%) per annum charge (which she confirmed to be lower than any rates charged by lending

institutions at the time) (the "Note Payoff"). *See* Email from Anna Flaaten to Jean Seo dated December 8, 2022, attached hereto at **Exhibit 3**.

21.   Seo objected to the Note Payoff the following day, advising that she agreed to a higher, seven percent (7%) per annum interest rate and suggesting Flaaten review SBA loan rates. *See* **Exhibit 3**.

**<u>Flaaten Agrees to Generously Shave Off the Interest on the Note, but Seo Still Refuses to Satisfy the Note.</u>**

22.   Flaaten incorporates Paragraphs 1 through 21 of her Verified Complaint as though fully set forth herein.

23.   Thereafter, Flaaten was forced to retain legal counsel to negotiate a settlement of the Note Payoff and to generously demand payment of only the original amount of the Note (without accrual of any interest) (the "Adjusted Note Payoff"), by no later than February 1, 2023 (the "Second Payment Deadline"). *See* Email from Bill Wolf to Jean Seo dated December 19, 2022, attached hereto at **Exhibit 4**.

24.   Seo acknowledged receipt of Mr. Wolf's email and inquired as to the physical address or wire address and information for the delivery of the Adjusted Note Payoff. *See* **Exhibit 4**.

25.   Moreover, Seo advised Flaaten that she would contact her when the funds for payment of the Adjusted Note Payoff were available (following Mr. Wolf's instruction to communicate directly with Flaaten). *See* **Exhibit 4**.

26.   As requested, the following day Flaaten emailed Seo with the wiring information to her financial institution, which included her name, her bank's name, her account number, and her bank's routing number. *See* Email from Anna Flaaten to Jean Seo dated December 20, 2022 (with redactions), attached hereto at **Exhibit 5**.

27.     Seo thereafter requested the mailing address for Flaaten's bank, which Flaaten confirmed was not necessary after contacting her financial institution, and Seo confirmed receipt of the update. *See* **Exhibit 5**.

28.     Approximately one (1) month later, after no payment of the Adjusted Note Payoff nor further communications from Seo, Seo emailed Flaaten and Mr. Wolf to advise that she was continuing to have a dispute with Walmart, that she heard back from the SBA, and that she was requesting a payment plan for repayment of the Note. *See* email from Jean Seo to Bill Wolf dated January 20, 2023, attached hereto at **Exhibit 6**.

29.     Mr. Wolf replied and advised Seo of her original agreement and commitment to pay the Adjusted Note Payoff by the Second Payment Deadline, and again, requested immediate payment of said sums to Flaaten. *See* Email from Bill Wolf to Jean Seo dated January 24, 2023, attached hereto at **Exhibit 7**.

30.     Seo confirmed receipt of Mr. Wolf's email and her willingness to liquidate her assets to pay the Adjusted Note Payoff, as soon as possible. *See* **Exhibit 7**.

31.     However, again, despite Seo's representations and promises to pay the Adjusted Note Payoff to Flaaten, Flaaten was forced to reach out to Seo on February 6, 2023, to again demand payment on the Note. *See* Email from Anna Flaaten to Jean Seo dated February 6, 2023, attached hereto at **Exhibit 8**.

32.     Seo again confirmed receipt of Flaaten's email and demand and questioned the terms of the Note, stating that Flaaten would have to sue her to get paid, as she is unwilling to bankrupt Evolue Skincare to satisfy the Note. *See* **Exhibit 8**.

**Evolue Skincare is Believed to be a Thriving Business Able to Immediately Repay the Note to Flaaten.**

33.     Flaaten incorporates Paragraphs 1 through 32 of her Verified Complaint as though fully set forth herein.

34.     Upon information and belief, Evolue Skincare is thriving, successfully making profits on the natural organic beauty products marketed and sold, worldwide. *See* Evolue Skincare's website at https://evolue.com/.

35.     Evolue Skincare and Seo have acted in bad faith with their dealings with Flaaten in timely satisfying the Note, as agreed to by the Parties on numerous occasions.

### COUNT I
### (Breach of Contract)

36.     Flaaten incorporates Paragraphs 1 through 35 of her Verified Complaint as though fully set forth herein.

37.     Under Arizona law, a *prima facie* case for breach of contract consists of three elements: (1) the existence of a contract between a plaintiff and a defendant, (2) evidence of a breach of the contract by the defendant, and (3) evidence of damages to the plaintiff because of the defendant's breach. *See Graham v. Asbury*, 112 Ariz. 184, 185, 540 P.2d 656, 657 (1975). Here, the Parties had a valid contract in the form of the Note with Flaaten (as lender) and Evolue Skincare (as borrower) which Evolue Skincare ultimately breached.

38.     Specifically, Evolue Skincare agreed to timely repay the Note Payoff, to no avail.

39.     Moreover, Evolue Skincare also agreed to timely repay the Adjusted Note Payoff on several occasions, also to no avail.

40.     Flaaten has performed all obligations under the Note.

41.     Evolue Skincare has made no payments toward the loan or to satisfy the Note.

42.     Evolue Skincare's breach of the Note is material and has caused Flaaten to incur damages.

43.     Because of Evolue Skincare's breach of the Note, Flaaten is entitled to consequential damages.

44.     Finally, because this action arises out of a contract dispute, Flaaten is entitled to recover her reasonable attorneys' fees and costs pursuant to A.R.S. §§ 12-341 and 12-341.01, and the Note.

## **COUNT II**

### **(Breach of the Covenant of Good Faith and Fair Dealing)**

45.     Flaaten incorporates Paragraphs 1 through 44 of her Verified Complaint as though fully set forth herein.

46.     There is a covenant of good faith and fair dealing implied in every contract.

47.     The covenant requires that neither party "act to impair the right of the other to receive the benefits which flow from their agreement or contractual relationship." Beaudry v. Ins. Co. of the West, 203 Ariz. 86, 91 ¶ 18, 50 P.3d 836, 841 (Ct. App. 2002).

48.     A party breaches the covenant "by exercising express discretion in a way inconsistent with a party's reasonable expectations and by acting in ways not expressly excluded by the contract's terms but which nevertheless bear adversely on the party's reasonably expected benefits of the bargain." Bike Fashion Corp. v. Kramer, 202 Ariz. 420, 424 ¶ 14, 46 P.3d 431, 435 (Ct. App. 2002).

49.     Whether a breach occurred is a question of fact for the jury.

50.     To prove a claim for breach of the covenant of good faith and fair dealing, Flaaten will show that Evolue Skincare has unreasonably delayed repayment of the Note by over ten (10) months and that Flatten suffered damages as a result.

51.     Here, Seo represented to Flaaten that if she made the loan to Evolue Skincare, she would timely repay the Note by the Deadline Date.

52.     Further, Flaaten will show that Evolue Skincare's unreasonable delay of payment continued regarding the Adjusted Note Payoff by Second Payment Deadline.

53.     Moreover, this unreasonable delay by Evolue Skincare and its principal, Seo, has adversely impacted Flaaten, causing her financial strain and hardship from the lack of repayment of the loan.

54.     Finally, Evolue Skincare breached its duty of good faith to Flaaten by continuously misleading Flaaten to believe repayment of the Note was imminent and allowing Flaaten to restructure the Note Payoff, fully aware and having no intention of making any payments to Flaaten.

## DEMAND FOR RELIEF

WHEREFORE, Flaaten respectfully requests that the Court award her a judgment against the Defendant as follows:

a.      For actual damages in the amount of $110,000;

b.      For consequential, and nominal damages in an amount to be proven at trial;

c.      For reasonable attorneys' fees pursuant to A.R.S. §12-341.01(A) and the Note;

d.      For taxable and nontaxable costs, pursuant to A.R.S. §12-341 and the Note;

e.      For reasonable attorneys' fees and costs associated with all post-judgment collections;

f.      For post-judgment interest at the maximum rate allowed by law; and

1

2

       i.      For such other and further relief as the Court may deem just and proper.

DATED this 2nd day of May 2023.

**PROVIDENT LAW®**

*Mary T. Hone*

Mary T. Hone
14646 N. Kierland Boulevard, Suite 230
Scottsdale, AZ 85254
*Attorney for Plaintiff*

9

## VERIFICATION

1.      I, Anna K. Flaaten am the Plaintiff in the above-captioned matter.

2.      I have read the foregoing Verified Complaint, and I verify that the matters
and things stated therein are true to the best of my knowledge, except as to
those statements made upon information and belief, and as to those, I believe
them to be true.

3.      I declare under penalty of perjury that the above information is true and
correct.

DATED this 25th day of April 2023.


_Anna K. Flaaten_
Anna K. Flaaten